FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 MAY 17 PM 3:51

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONITA JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| SOUTHERN HANCOCK COUNTY COMMUNITY SCHOOL CORPORATION, | ) 1:11-cv-0666 JMS-MJD |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, Donita Jones (hereinafter "Jones"), by counsel, brings this Complaint and Demand for Jury Trial against Southern Hancock County Community School Corporation (hereinafter the "School"), for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

### II. Parties

2. Jones is a United States citizen who has resided and/or worked within the geographic boundaries of the Southern District of Indiana, Indianapolis Division, at all times relevant to this action.

3. Defendant, the School, is a "school corporation" as that term is defined by Ind. Code § 20-18-2-16(a), and may be sued pursuant to Ind. Code § 20-26-5-4(1).

4. At all times relevant to this action, the School has maintained its principal offices within the geographic boundaries of the Southern District of Indiana, Indianapolis Division.

### III. Jurisdiction and Venue

5. This Court has federal question subject matter jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

6. At all times relevant to this action, Jones was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

7. The School is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).

8. Venue is proper in this Court because all events giving rise to this lawsuit occurred with the Southern District of Indiana, Indianapolis Division.

### IV. Factual Allegations

9. Jones commenced her employment with the School on or about August 18, 1994, as a kitchen custodian and cashier.

10. On or about January 6, 1997, the School promoted Jones to the position of food production supervisor/ assistant manager. In or around August of 2000, the School promoted Jones to the position of cafeteria manager at New Palestine High School.

11. Throughout her employment, Jones continuously met the legitimate and reasonable expectations associated with her position.

12. On May 22, 2009, the School provided Jones with a "Support Staff Evaluation Report" with twenty-six (26) categories marked "Meets Expectations" and only two (2) categories marked "Needs Improvement."

13. On May 28, 2010, the School provided Jones with a "Support Staff Evaluation Report" with all "Meets Expectations" except for one (1) category marked "Needs Improvement."

14. On or about November 10, 2010, Jones commenced approved leave under the Family Medical Leave Act ("FMLA") to care for her own serious health condition.

15. On or about November 23, 2010, while still on leave under the FMLA, the School formally disciplined Jones and transferred Jones from the New Palestine High School to Doe Creek Middle School.

16. Before November 23, 2010, the School had never formally disciplined Jones.

17. The alleged reason for the discipline, permitting staff to take food, is pretextual and finds no basis in fact.

18. Jones returned back to work from her FMLA leave on January 3, 2011.

19. On January 3, 2011, the School formally disciplined Jones.

20. Roberta Bailey was the individual in charge of the New Palestine High School cafeteria while Jones was on FMLA leave from November 10, 2010, through January 2, 2011.

21. The School did not formally discipline Roberta Bailey in or around January 3, 2011, for issues related to the New Palestine High School cafeteria.

22. On January 22, 2011, New Palestine High School Assistant Principal, Keith Fessler, provided Jones with a positive letter of recommendation which states, in part, "Ms. Jones' professionalism, enthusiasm, work ethic and caring attitude serve to set her apart and ahead of many employees. Donita is a dedicated professional who, while serving as Cafeteria Manager at New Palestine High School, was willing to go to great lengths to assist students and staff alike. In addition to her managerial duties, which she performed efficiently, Donita built appropriate relationships with students and was a valued member of our staff. Her outgoing and positive attitude provided an integral contribution to our school's climate and culture."

23. On or about January 24, 2011, the School formally disciplined and demoted Jones from cafeteria manager to the non-managerial position of food service employee.

24. As a result of the January 24, 2011, discipline, Jones hours were reduced to four (4) hours per day, her hourly rate was reduced from $15.45 per hour down to $12.78 per hour, and the School transferred Jones from Doe Creek Middle School to New Palestine Elementary School.

25. The alleged reasons for the discipline are pretextual and find no basis in fact.

26. Similarly situated individuals such as Sheila Baker, Pamela Harrison, Mary Bailey, Sue Westra, and Kathy Troutman, have been treated more favorably under comparable circumstances. Upon information and belief, these employees did not request or receive FMLA leave in 2009 and/or 2010.

27. Upon information and belief, Sue Westra and Sheila Baker replaced Jones in her old position as cafeteria manager at New Palestine High School.

28. The School took adverse employment actions against Jones because of her leave under the Family Medical Leave Act.

29. Jones has been injured by the School's unlawful actions.

### V. Legal Allegations

### Count One: FMLA Interference - 29 U.S.C. § 2615(a)(1)

30. Jones incorporates all of the allegations set forth in paragraphs one through twenty-nine (29) of this Complaint as if stated fully herein.

31. Jones was entitled to be restored to the position of employment she held when her leave commenced, or to be restored to an equivalent position.

32. The School failed to restore Jones to the position of cafeteria manager at New Palestine High School. The School's failure to restore Jones to her previous position ultimately resulted in Jones being demoted to the position of food service employee at New Palestine Elementary School.

33. The School's failure to restore Jones to her previous position or an equivalent position violated the FMLA, 29 U.S.C. § 2614(a)(1) and 29 C.F.R. § 825.214.

34. The School's actions were intentional, willful, done in bad faith, and in reckless disregard of Jones' federally protected rights under the FMLA.

35. Jones has suffered harm as a result of the School's unlawful actions.

### Count Two: FMLA Discrimination/ Retaliation - 29 U.S.C. § 2615(a)(2)

36. Jones incorporates all of the allegations set forth in paragraphs one through thirty-five (35) of this Complaint as if stated fully herein.

37. The School disciplined, transferred, and demoted Jones because of her protected activity under the FMLA.

38. The School's actions were intentional, willful, done in bad faith, and in reckless disregard of Jones' federally protected rights under the FMLA.

### VI. Relief Requested

39. Jones seeks reinstatement to her former position, with full reinstatement of her previous job duties and responsibilities, location of work, hours of work, and previous rates of pay. Alternatively, Jones seeks front pay in lieu thereof.

40. Jones seeks injunctive relief to bar the School from further acts of interference and/or discrimination and retaliation intended to interfere with, restrain or deny Jones exercise of,

or attempts to exercise, her rights under the FMLA.

41. Jones seeks compensation, and all monetary loss suffered as a result of the School's unlawful actions, in an amount that will make her whole.

42. Jones seeks liquidated damages for the School's bad faith violations of the FMLA.

43. Jones seeks payment of her reasonable attorney fees and costs associated with this action.

44. Jones seeks pre-judgment and post-judgment interest on all sums recoverable.

45. Jones seeks any and all other legal and equitable relief to which she is entitled.

Respectfully submitted,

_____
John H. Haskin (7576-49)

_____
Ryan P. Sink (27350-29)

Attorneys for Plaintiff

HASKIN & LARUE, LLP
255 North Alabama Street
Suite 200
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570

## VII. Demand for Jury Trial.

The Plaintiff, Donita Jones, by counsel, respectfully requests a trial by jury as to all issues deemed so triable.

Respectfully submitted,

*/s/ John H. Haskin*
John H. Haskin (#7576-49)

*/s/ Ryan P. Sink*
Ryan P. Sink (#27350-29)

HASKIN & LaRUE, LLP
255 North Alabama Street
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
E-Mail:      jhaskin@hllglaw.com
             rsink@hlllaw.com